UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JON PLACKE,

        Plaintiff,

v.                                                                                      Case No: 6:21-cv-612-GJK

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

**MEMORANDUM OF DECISION**[1]

Jon Placke ("Claimant") appeals from a final decision of the Commissioner of Social Security (the "Commissioner") denying his applications for disability, disability insurance benefits, and supplemental security income filed on May 7, 2019, alleging a disability onset date of March 1, 2018. Doc. No. 2; R. 16. Claimant seeks remand under sentences four and six of 42 U.S.C. § 405(g). Doc. No. 36 at 29-33, 36. Claimant argues that the decision should be reversed and remanded under sentence four because the ALJ erred in failing to evaluate properly medical opinions when determining his residual functional capacity ("RFC"). Doc. No. 36 at 10-18; R. 21, 23. Claimant also seeks remand under sentence six for the Commissioner to consider additional evidence submitted to the Court. Because

---

[1] Magistrate Judge David A. Baker substituting for Magistrate Judge Gregory J. Kelly.

substantial evidence in the record as a whole does not support the ALJ's finding that the consultative examiner's opinion was persuasive, the final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings.

I.  STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla–i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." (alteration in original)); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam). The Court must view the evidence as a whole, considering evidence

that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## II.  ANALYSIS.

The ALJ found that Claimant had the following severe impairments: type 1 diabetes, osteomyelitis status-post right foot trans-metatarsal amputation, diabetic neuropathy, and obesity. R. 19. Despite these impairments, the ALJ found that Claimant had the RFC

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except occasionally balance, stoop, kneel, crawl, and climb ramps and stairs; never crouch, or climb ladders, ropes, or scaffolds; no exposure to unprotected heights; avoid concentrated exposure to extreme cold and vibration; and occasionally push, pull, and operate foot controls with the right lower extremity.

R. 20-21.[2] On the basis of testimony from a vocational expert ("VE"), the ALJ found that Claimant could perform his past relevant work as a lawyer. R. 23-24. The ALJ thus found that Claimant was not disabled from March 1, 2018, through September 18, 2020, the date of the ALJ's decision. R. 24.

---

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. §§ 404.1567(a), 416.967(a). "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id.*

Claimant first argues that the ALJ erred in determining his RFC by not properly evaluating the opinions of Krishna Varna, M.D., a consultative examiner who examined Claimant on August 7, 2019, and of Ervin Szoke, M.D., Claimant's treating endocrinologist who submitted a letter opinion on September 6, 2020. Doc. No. 36 at 10-18; R. 397-404, 488-89.

The ALJ noted in her decision Dr. Vara's August 2019 examination:

> Consultative examiner, Krishna Vara, M.D., M.P.H., also performed a physical evaluation of the claimant on August 7, 2019. During the physical examination, the claimant was able to move from the chair to the examination table without assistance or pain. His gait was antalgic but he did not use an assistive device. Paresthesia of both feet was noted as well as a right forefoot amputation and tenderness to palpation in the right ankle; however, he also exhibited full 5/5 motor strength in the bilateral upper and lower extremities as well as normal reflexes.

R. 22 (citing R. 397-404). Dr. Vara noted that Claimant "complains of chronic right foot pain for the past few years and underwent right forefoot amputation following diagnosis of osteomyelitis secondary to poorly controlled diabetes." R. 403. "He complains of chronic numbness [in] both legs. [R]espiration noted lower extremities." R. 403. "It is this examiner's opinion that this claimant that was malfunctioning sedentary type of jobs [sic]." R. 403.

The ALJ found "the opinion of Dr. Vara persuasive. While there is a noted typo in the doctor's opinion, I believe the doctor was expressing the claimant was capable of sedentary work." R. 23 (citation omitted). "This opinion is internally

consistent with the clinical findings of his examination." R. 23 (citing R. 402). "It is consistent with the other physical examinations of record. It is also consistent with the claimant's statements on November 15, 2019." R. 23 (citations omitted).

Dr. Szoke opined in his September 2020 letter:

> Mr. Placke has been my patient in the Endocrinology Clinic since June 2016. He has had type 2 diabetes mellitus for more than 15 years, and he is taking multiple daily injections of insulin to control it. His diabetes is complicated with significant peripheral neuropathy with chronic pain and history of amputation of the distal part of his right foot. I am also treating him for hypogonadism. Due to the complexity of his diabetes management, his chronic pain, significant peripheral neuropathy and foot amputation[,] in my opinion patient is limited to simple, routine and repetitive tasks.

R. 489. The ALJ found Dr. Szoke's opinion "unpersuasive" because "Dr. Szoke is not a licensed mental health practitioner and his opinion regarding non exertional limitations is outside of his area of expertise." R. 23. "Furthermore, the opinion is inconsistent with Dr. Szoke's contemporaneous treatment records, which note a good response to diabetic management compliance." R. 23 (citing R. 418). "Additionally, Dr. Szoke provided no opinion regarding any type of exertional or postural limitations." R. 23.

In 2017, the Social Security Administration revised its regulations regarding the consideration of medical evidence, with those revisions applicable to all claims filed after March 27, 2017. *See* 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017). The revisions redefined terms related to evidence; revised how the agency

considers medical opinions and prior administrative medical findings; and revised rules about treating sources, acceptable medical sources, and medical and psychological consultants. *Id.; see* 20 C.F.R. §§ 404.1520c, 416.920c. The final rules became effective on March 27, 2017. 20 C.F.R. §§ 404.1520c, 416.920c. Because Claimant applied for benefits after March 27, 2017 (R. 16), the new regulations apply in this case.

Under the new rules, an ALJ must apply the same factors in the consideration of the opinions from all medical sources and administrative medical findings, rather than affording specific evidentiary weight to any particular provider's opinions. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). "The ALJ will articulate in the administrative decision how persuasive all of the medical opinions are in the case record . . . ." *Swingle v. Comm'r of Soc. Sec. Admin.*, No. 6:20-cv-365, 2020 WL 6708023, at *2 (M.D. Fla. Nov. 16, 2020) (citing 20 C.F.R. § 404.1520c(b)). The ALJ must consider (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" in assessing an opinion's persuasiveness. 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). Supportability and consistency constitute the most important factors in any evaluation of a medical opinion, and the ALJ must explain the consideration of those two factors. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). Thus, "[t]he more relevant

the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s)," and "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2); *see Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021) ("Overall, supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record."). The ALJ may, but is not required to, explain how the ALJ considered the remaining three factors (relationship with claimant, specialization, and "other factors"). 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

Here, the ALJ stated that she had "considered the medical opinion(s) and prior administrative medical finding(s) in accordance with the requirements of 20 CFR 404.1520c and 416.920c," although she later mistakenly referred to the previous regulations at 20 C.F.R. §§ 404.1527(f) and 416.927(f). R. 21, 23. Claimant argues that remand is warranted because Dr. Vara's "use of the term 'malfunctioning' would indicate that Dr. Vara opined [Claimant] was incapable of

performing sedentary work," and so the ALJ "failed to follow the regulation which states that the ALJ must recontact the medical source if the consultative examiner's report is 'inadequate or incomplete.'" Doc. No. 36 at 11 (citing 20 C.F.R. § 404.1519p(b)).

The Court agrees that remand is warranted. "An ALJ is required to build an accurate and logical bridge from the evidence to [her] conclusion." *Lampp v. Astrue*, No. 3:07CV93-J-TEM, 2008 WL 906641, at *11 (M.D. Fla. Mar. 31, 2008); *accord Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016); *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000); *Ware v. Kijakazi*, Civil Action No. 1:20-00404-N, 2022 WL 957596, at *8 n.18 (S.D. Ala. Mar. 29, 2022). "[A] proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion. The second component, the ALJ's logical explanation, is just as important as the other two." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019).

Here, the ALJ found "the opinion of Dr. Vara persuasive. While there is a noted typo in the doctor's opinion, I believe the doctor was expressing the claimant was capable of sedentary work." R. 23 (citation omitted). But given the use of the term "malfunctioning" in Dr. Vara's opinion (and the fact that the doctor's statement as presented in the record appears incomplete and nonsensical), whether the doctor actually opined that Claimant is capable of performing sedentary work is ambiguous. The "typo" is not merely a misspelling or easily

inferable word. The garbled sentence goes to the heart of Dr. Vara's conclusions and leaves the reader only to speculate what the conclusions were. Absent clarification from Dr. Vara, meaningful review by the Court is frustrated, and so the Court cannot say that substantial evidence supports the ALJ's consideration of Dr. Vara's opinion (whatever it actually is) under 20 C.F.R. §§ 404.1520c and 416.920c. "If the report is inadequate or incomplete, [the Commissioner] will contact the medical source who performed the consultative examination, give an explanation of [the Commissioner's] evidentiary needs, and ask that the medical source furnish the missing information or prepare a revised report." 20 C.F.R. §§ 404.1519p(b), 416.919p(b). The Court thus remands this case for the Commissioner to do so. Further, on remand, the Commissioner should conduct a function-by-function assessment of Claimant's physical ability to perform sedentary work. *See Pupo v. Comm'r, Soc. Sec. Admin.*, 17 F.4th 1054, 1065-66 (11th Cir. 2021).

Claimant next contends that remand under sentence four is also warranted because the ALJ erred in evaluating Dr. Szoke's opinion that he was "limited to simple, routine and repetitive tasks." Doc. No. 36 at 13-14; R. 23, 489. Claimant also argues that the Court should remand under sentence six for the Commissioner to consider additional evidence of Dr. Szoke's "Diabetes Mellitus Medical Source Statement" completed on April 15, 2021, and submitted to the Court on March 14,

2022. Doc. No. 36 at 29-33; Doc. No. 38. Because the Court remands this case on other grounds, however, it does not need to address Claimant's other arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed because of other dispositive errors). On remand under sentence four, the Commissioner should review the case on a complete record, including any new, material evidence. *See Diorio*, 721 F.2d at 729.

### III. CONCLUSION.

Because the ALJ failed to establish an appropriate record of what Dr. Vara's opinions were, relying on a hypothesized version of the opinions is improper. Accordingly, persuasive, substantial evidence does not support the Commissioner's final decision that Claimant is not disabled. Accordingly, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida, on June 16, 2022.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Bradley K. Boyd
Bradley K. Boyd, PA
Suite D
1310 W. Eau Gallie Blvd.
Melbourne, FL 32935

Roger B. Handberg
United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa St.
Suite 3200
Tampa, FL 33602

Christopher G. Harris, Chief Counsel
John C. Stoner, Deputy Regional Chief Counsel
Megan E. Gideon, Branch Chief
Arthurice T. Brundidge, Assistant Regional Counsel
Nadine Elder
Social Security Administration
Office of the General Counsel, Region IV
Sam Nunn Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303

The Honorable Melissa Hammock
Administrative Law Judge
Office of Hearings Operations
Dulaney 1 Suite 450
849 Fairmount Ave.
Baltimore, MD 21204-2624